IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES W. WALKER,<br><br>Plaintiff,<br><br>v.<br><br>HADCO CONSTRUCTION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 1:25-cv-00184-JNP-JCB<br><br>Chief District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Before this court is a motion to dismiss for insufficient service. *See* Dkt. No. 9. For the following reasons, the motion is DENIED.

**BACKGROUND**

Plaintiff filed his complaint, along with a motion to proceed in forma pauperis, on November 17, 2025. Dkt. Nos. 1, 2. Magistrate Judge Bennett issued a Report and Recommendation recommending that the IFP motion be denied on December 30, 2025. Dkt. No. 3. On January 26, 2026, Plaintiff requested that this court issue summons so that he could serve Defendant within 90 days of the filing of the complaint. Dkt. No. 13-1, p. 2. The Clerk's Office denied that request. Dkt. No. 13-1, p. 4. This court adopted Magistrate Judge Bennett's Report and Recommendation on February 9, 2026. Dkt. No. 4. Plaintiff paid the full filing fee on February 25, 2026. Dkt. No. 5. Summons was issued on April 7, 2026. Dkt. No. 7. Plaintiff served on Defendant on May 1, 2026. Dkt. No. 8.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process." *Gatlin v. CoreCivic, Inc.*, No. 22-2031, 2022 WL 17333065, at *2 (10th Cir. Nov. 30, 2022) (unpublished); FED. R. CIV. P. 12(b)(5). Rule 4(m) requires that a Plaintiff accomplish service within 90 days of filing his complaint. FED. R. CIV. P. 4(m). Plaintiff has the burden of "establishing the validity of the service of process." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). But, "where a plaintiff shows good cause for missing the service-of-process deadline, 'the court must extend the time for service for an appropriate period.'" *Murphy v. City of Tulsa*, 556 F. App'x 664, 667 (10th Cir. 2014) (citation omitted). The Tenth Circuit has explained that

> district courts should proceed . . . in the following manner: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Id*. The Tenth Circuit has also explained that "[s]ome jurisdictions would say that" the deadline for service under Rule 4(m) is tolled during the pendency of a motion to proceed in forma pauperis, though "the Tenth Circuit and the Supreme Court have not yet spoken on the issue." *Id*. at 666–67. The Tenth Circuit therefore found that it was not an abuse of discretion for a district court to conclude that the deadline was not tolled. *Id*. at 667.

## DISCUSSION

The parties do not appear to dispute the timeline of events in this proceeding. Dkt. No. 13, pp. 2–5. Plaintiff's service upon Defendant was not accomplished within 90 days of the filing of

the complaint, though it was accomplished within 90 days of this court's order on Plaintiff's IFP motion. *Id*. at 5; Dkt. No. 15, p. 2.

Defendants argue that the Tenth Circuit "expressly reject[ed] the argument that the pendency of the IFP motion tolled the service period." Dkt. No. 15, p. 6. This overstates the Tenth Circuit's reasoning in *Murphy*; the Circuit found that "[s]ome jurisdictions" toll the service period, while the Tenth Circuit and Supreme Court have not addressed the issue. *Murphy*, 556 Fed. App'x at 666–67. The Circuit therefore could not "find that the district court abused its discretion in declining to apply a tolling doctrine[.]" *Id*. at 667. But there was no suggestion that the district court would have abused its discretion if it did toll the service period. This is not a definitive statement that the Rule 4(m) deadline is not tolled. Indeed, this court is persuaded that tolling of the Rule 4(m) deadline is required when an IFP motion remains pending.

Even if the deadline were not tolled, the court finds that good cause exists for Plaintiff's alleged failure to timely serve Defendant and Plaintiff was therefore entitled to a mandatory extension of time. Specifically, Plaintiff has offered evidence that he requested the issuance of a summons on January 26, 2026, several weeks before the 90-day period from the filing of the complaint expired, and that the Clerk's Office denied that request. Dkt. No. 13-1; Dkt. No. 9, p. 4. Thus, Plaintiff was entitled to a reasonable extension of time.

## CONCLUSION AND ORDER

For the reasons above, the court DENIES Defendant's motion to dismiss. Plaintiff's service on Defendant on May 1, 2026, is deemed timely.

DATED November 24, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Judge
District of Utah